UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

NOLA SMITH,

                                    Plaintiff,

                -against-

NORTH SHORE-LONG ISLAND
JEWISH HEATH SYSTEM,

                               Defendant.

-------------------------------------------------------------------x

Civil Action No.:
15 CV 3597 (VC)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE FROM THE SOUTHERN DISTRICT OF NEW YORK TO THE EASTERN DISTRICT OF NEW YORK

RESPECTFULLY SUBMITTED,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.: 16524.00002

COUNSEL:        RICKI E. ROER
                        CELENA R. MAYO
                        LAKISHA M. SPENCE

## PRELIMINARY STATEMENT

Defendant, **NORTH SHORE-LONG ISLAND JEWISH HEATH SYSTEM** ("NS-LIJ") submits this memorandum in support of its Motion to Transfer Venue pursuant to Fed. R. Civ. P. 12(b) (3) and 28 U.S.C. § 1404(a).  Defendant respectfully submits that this FMLA and disability discrimination matter should be transferred from the Southern District of New York to the Eastern District of New York as: all of the alleged acts took place in Forest Hills, New York, in the Eastern District; all of the witnesses and all of the documentary evidence are located in the Eastern District; and no hardship would attach to the plaintiff as a result of a transfer.

## BACKGROUND

Plaintiff is a R.N. formerly employed by Forrest Hills Hospital, an affiliate of defendant NS-LIJ.  Plaintiff's suit alleges that the Hospital's stated reason for her August 23, 2013 termination, namely her acceptance of paid leave time to attend a professional conference which she never attended, is a pretext for disability and FMLA discrimination.  Because all of plaintiff's claims arise from her former employment at Forest Hills, Hospital, the Eastern District is clearly the appropriate venue for plaintiff's suit.  (*See* Annexed to the Declaration of Ricki Roer as Exhibit "A" plaintiff's Complaint).

1.      It is respectfully submitted that this claim is properly venued in the Eastern District of New York because all of the incidents at issue in this suit occurred in the Eastern District, and, because all of the parties and anticipated witnesses reside there as well.  North Shore Long Island Jewish Health System ("NS-LIJ") has its principal place of business in Nassau County, New York and is comprised of 19 hospitals, hospice and home care services, a major medical research institute, and other health related facilities - all are separate legal entities, the vast majority of which are located in the Eastern District of New York.  The plaintiff's last

know address is in the Eastern District (58 Harbor Homes, Port Washington, Nassau County, New York[1]). Plaintiff's former supervisor, Rhonnie Jackson and all other NS-LIJ employees with whom plaintiff communicated regarding her paid leave request also reside in the Eastern District. Finally, all of the documents in defendant's possession relevant to plaintiff's claims are maintained in either Queens or Nassau Counties. The Eastern District's nexus to this claim is an appropriate basis to grant the defendant's Rule 12(b)(3) motion. (*See* Exhibit "A", Plaintiff's Complaint at Exhibit "1" (EEOC "Right to Sue" addressed to plaintiff at 58 Harbor Homes address), and at Exhibit "2" (Unemployment Insurance Appeal Board communication addressed to plaintiff at 58 Harbor Homes address); *see also* Annexed to the Declaration of Ricki Roer as Exhibit "B", Declaration of Rhonnie Jackson.

## STANDARD FOR TRANSFER

The Court has broad discretion in deciding whether to transfer an action to another venue.[2] 28 U.S.C. § 1404(a); *View 360 Solutions LLC v. Google, Inc.*, 2013 U.S. Dist. LEXIS 34480, *6 (N.D.N.Y Mar. 13, 2013) (citations omitted); *Reeder v. Yamaha Motor Corp., U.S.A.*, 1992 WL 370414, at *1 (S.D.N.Y. Dec. 2, 1992). The moving party has the burden of establishing: (1) that the transferee court can exercise jurisdiction over the parties and is an appropriate venue; and (2) that the balance of convenience and justice favors the transfer. *Rabbi Jacob Joseph School*, 342 F.Supp.2d 124 at 130 (citations omitted); *Kroll v. Lieberman*, 244 F.

---

[1] In an attempt to resolve this venue issue directly between counsel, counsel for defendant requested confirmation of plaintiff's residence, said confirmation was not provided.

[2] In his June 11, 2015 letter to the Court, plaintiff's counsel refers to NS-LIJ's "residency" and cites to 42 USC § 1391(d) for the proposition that simply because defendant has an affiliate Hospital in New York City venue is appropriate in the Southern District. Plaintiff is incorrect. Issues of venue are governed by 28 U.S.C. § 1391(b), which provides in relevant part: "A civil action wherein jurisdiction is not founded solely on diversity . . . may, . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Martignago v. Merrill Lynch & Co.*, 2012 U.S. Dist. LEXIS 4365, 8-9 (S.D.N.Y. Jan. 13, 2012).

Supp. 2d 100, 102 (E.D.N.Y. 2003); 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). Factors the Court may consider in assessing a venue transfer request are: location of relevant documents; ease of access to sources of proof; the locus of operative facts; the relative means of the parties; the comparative familiarity of each district with the governing law; and plaintiff's choice of forum. *See Herbert Ltd. P'ship v. Electronic Arts, Inc.*, 325 F.Supp.2d 282, 285 (S.D.N.Y. 2004).

<u>POINT I</u>

<u>ALL APPLICABLE FACTORS WEIGH IN FAVOR OF TRANSFER</u>

Defendant respectfully submits that pursuant to the United States Code and the applicable case law, the instant matter should properly be transferred to the United States District Court for the Eastern District of New York.

**A.     <u>The Eastern District Can Exercise Jurisdiction and Is an Appropriate Venue</u>**

The Eastern District has both federal question and supplemental subject matter jurisdiction over the claims pursuant to 28 USC § 1331, § 1367, and, can exercise personal jurisdiction over the parties pursuant to 28 USC § 1391 (c) (1) and (2) ("a natural person . . shall be deemed to reside in the judicial district in which that person is domiciled. [A defendant corporation is deemed to reside ] in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . .."). All of the events giving rise to this action occurred in Forest Hills, Queens, plaintiff is domiciled in Port Washington, Nassau County, all fact witnesses live and work in the Eastern District of New York, and defendant's principal place of business is in Nassau County. Accordingly, venue is proper in the Eastern District of New York. 28 U.S.C. § 1404(a); *Kroll v. Lieberman*, 244 F. Supp. 2d at 102 (setting out the relevant factors to consider in determining venue); *Yamaha Motor Corp., U.S.A.,* 1992 WL 370414, at *4 (S.D.N.Y. Dec. 2, 1992) (case transferred to

transferred district due to the location of the accident and related events, physical evidence and documentary evidence).

**B.**     **The Balance of Convenience and Justice Favors Transfer Because The Critical Fact Witnesses and Documentary Evidence are Located in the Eastern District of New York**

The balance of discretionary factors favor transferring the matter to the Eastern District of New York because the locus of operative facts arose in the Eastern District and all of the documentary evidence and potential witnesses are located in the Eastern District. *See* Exhibit "A". While discovery has not yet commenced, it is clear that all of plaintiff's allegations arise out of events which occurred at Forest Hills Hospital or NS-LIJ and all documents and witnesses relevant to plaintiff's claims are located in Queens or Nassau Counties. *Mobile Video Servs., Ltd v. National Ass'n of Broadcast Employees and Technicians, AFL–CIO*, 574 F. Supp. 668, 670–71 (S.D.N.Y.1983) (transfer of action granted for convenience of parties and witnesses and in the interest of justice was appropriate where all material occurrences which formed factual basis for claim took place in the transferred district, all representatives of defendant and plaintiff who attended and testified at arbitration hearing were residents of that area, all documents submitted and exhibits were within custody and control of plaintiff or of defendant, both of whose offices were situated in the area, and only significant connection between case and other district was location of plaintiff's counsel). *Laskowski v Liberty Mut. Fire Ins. Co.,* 771 F Supp 2d 295, 296 (S.D.N.Y. 2011) ("On balance the Court finds that the center of operative facts in this dispute is located in the Northern District of New York, and that the convenience of non-party witnesses tips in favor of a transfer of venue, outweighing the deference owed to Plaintiffs' choice of forum.); *Aguiar v. Natbony*, 2011 U.S. Dist. LEXIS 52021, * 25 (S.D.N.Y. May 16, 2011) ("The locus of operative facts is an 'important factor to be considered in deciding where a case should

be tried'."); *Age Group Ltd. v. Regal Logistics, Corp*., No. 06 Civ. 4328(PKL), 2007 U.S. Dist. LEXIS 62476, *3 (S.D.N.Y. Aug. 8, 2007) (*quoting 800-Flowers, Inc. v. Intercontinental Florist, Inc*., 860 F. Supp. 128, 134 (S.D.N.Y. 1992).); *Hulen v. Crane Co*., 2013 U.S. Dist. LEXIS 121957 (S.D.N.Y. Aug. 27, 2013) (granting transfer motion where "on a fundamental level, the Southern District of New York has no connection whatsoever to the case.")

Similarly, most, if not all, of the individuals who are potential witnesses in this litigation reside in the Eastern District. The location of fact witnesses is a key factor in assessing transfer requests. "Probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C.A. § 1404(a) is the convenience of witnesses." 15 *Fed. Prac. & Proc. Juris*. § 3851 (4th ed.), *Standard in Considering Transfer - Convenience and Location of Witnesses*; *Aguiar v. Natbony*, 2011 U.S. Dist. LEXIS 52021, * 23 (S.D.N.Y. May 16, 2011). The additional time and expense witnesses will incur to participate in litigation in the Southern District is unnecessary when the facts giving rise to the allegations occurred in the Eastern District. *See Fowlkes v Rodriguez*, 584 F Supp 2d 561 (E.D.N.Y. 2008) (transfer of venue from Eastern District of New York to Northern District of New York was warranted where all but two defendants resided in Northern District and any documents relating to plaintiff's claims were likely to be found in the Northern District); *Dunston v. New York City Police Dep't*, 2010 U.S. Dist. LEXIS 130461 (S.D.N.Y. Dec. 7, 2010) (transferring matter from Southern District of New York to Eastern District of New York where matter arose out of police conduct in Queens County); *Oparaji v New York City Dept. of Educ.*, 172 Fed Appx 352, 354 (2d Cir 2006) (action properly transferred from the Southern District of New York to the Eastern District of New York under 28 U.S.C. § 1404(a), as plaintiff could have brought this action in

the Eastern District of New York; defendant lived in the Eastern District; and  most of the events

at issue took place in the Eastern District.).

**C.**     **Plaintiff's Choice of Forum Should Be Afforded Reduced Weight**

    Defendant respectfully submits that plaintiff's choice of forum should be given reduced

weight where, as here, plaintiff has chosen a forum which is neither her home nor the place

where the cause of action arose.  *See, e.g., Aguiar v. Natbony*, 2011 U.S. Dist. LEXIS 52021, *20

- *21 (S.D.N.Y. May 16, 2011); *Martignago v. Merrill Lynch & Co*., 2012 U.S. Dist. LEXIS

4365, 10-11 (S.D.N.Y. Jan. 13, 2012); *Hernandez v. Graebel Van Lines,* 761 F. Supp. 983, 990

(E.D.N.Y. 1991)  ("[W]here the transaction or facts giving rise to the action have no material

relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is …

given reduced significance …."); *Heyco, Inc. v. Heyman,* 636 F. Supp. 1545, 1550

(S.D.N.Y.1986) (since plaintiff's home forum was New Jersey, plaintiff could not seriously

argue "that New York is a more convenient forum than New Jersey, especially when none of the

operative facts occurred in New York, but rather occurred in New Jersey"); *Mobile Video*

*Services, Ltd v. National Association of Broadcast Employees and Technicians, AFL–CIO,* 574

F. Supp. 668, 671 (S.D.N.Y.1983) (plaintiff's choice of forum "accorded less weight" when "

'[t]he operative facts of [the] case have no material connection with this district' ") (*quoting*

*Credit Alliance Corp. v. Nationwide Mutual Insurance Co.,* 433 F. Supp. 688, 689

(S.D.N.Y.1977)); *Pesin v. Goldman, Sachs & Co.,* 397 F. Supp. 392, 394 (S.D.N.Y.1975)

("[a]lthough a plaintiff's choice of forum is entitled to substantial weight, that weight may be

diminished where, as here, suit is brought outside plaintiff's home forum"); *Ross v. Tioga*

*General Hospital,* 293 F. Supp. 209, 211 (S.D.N.Y. 1968) ("where, as here, plaintiff has chosen

a forum which is neither her home nor the place where the cause of action arose that choice

carries little weight"); *Leinberger v. Webster,* 66 F.R.D. 28, 34 (E.D.N.Y. 1975) (noting that

plaintiff's choice of forum is not rigidly adhered to when operative facts occur elsewhere).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant defendant's

Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a) motion to transfer venue from the Southern

District of New York to the Eastern District of New York be granted.

**Dated:**     New York, New York
               June 23, 2015

                              Respectfully submitted,

                              WILSON, ELSER, MOSKOWITZ,
                              EDELMAN & DICKER LLP


                    By: _____
                              Ricki E. Roer
                              Celena R. Mayo
                              Lakisha M. Spence
                              Attorneys for Defendants
                              150 East 42nd Street
                              New York, New York 10017-5639
                              (212) 490-3000
                              File No.:16524.00002


TO:     JOSUHUA BERNSTEIN, P.C.
        Joshua Alexander Bernstein
        ATTORNEY FOR PLAINTIFF
        NOLA SMITH
        175 Varick Street
        New York, NY 10014
        (646) 308-1515

8