UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOLA SMITH, | ) |
| | ) |
| | ) **15 CV 3597** |
| Plaintiff, | ) |
| | ) **J. Caproni** |
| v. | ) |
| | ) |
| NORTH SHORE-LONG ISLAND | ) |
| JEWISH HEALTH SYSTEM, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER THIS MATTER TO THE EASTERN DISTRICT OF NEW YORK**

A large swath of the documents Plaintiff will introduce and witnesses Plaintiff will call in this matter are located in the Southern District. Defendant urges transfer to its home court on Long Island on the basis that it would be more convenient for some of the witnesses Defendant will call on its behalf, but nowhere in Defendant's motion does it even mention that the Manhattan Southern District Courthouse and the Brooklyn Eastern District Courthouse are less than two miles apart, rendering any inconvenience illusory. Accordingly, Defendant's motion has little to do with the convenience of witnesses and the ease of document production, and everything to do with taking the choice of forum away from the Plaintiff and lodging this case in a District more favorable to the Defendant. Deference is owed to a plaintiff's choice of forum, and Defendant's motion must be denied.

# ARGUMENT

## VENUE IS PROPER IN THE SOUTHERN DISTRICT

In a state with multiple judicial districts, such as New York, venue is properly laid in any judicial district where the Defendant has sufficient contacts to subject it to personal jurisdiction:

> "**(d) Residency of Corporations in States with Multiple Districts.** For purposes of venue under this chapter, in a state which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

Defendant operates multiple facilities in Manhattan, ergo there can be no dispute that Defendant is deemed to reside in the Southern District (among other districts) for the purposes of venue.

Despite that 28 U.S.C. § 1391(d) has been brought to defense counsel's attention multiple times, defense counsel continues to assert that venue is not proper in the Southern District. Defendant bizarrely asserts in a footnote that "Issues of venue are governed by 28 U.S.C. § 1391(b)", and therefore § 1391(d) is irrelevant. Not true. 28 U.S.C. § 1391(b) provides that venue is proper in "a judicial district were any defendant resides". 28 U.S.C. § 1391(d) defines "Residency of Corporations in States with Multiple Districts", and provides that the Defendant resides in any District where it has sufficient minimum contacts to subject it to personal jurisdiction. Operation of medical facilities in a District confers general jurisdiction, and clearly establishes that venue is proper in the Southern District. Defendant should be censured for intentionally misconstruing 28 U.S.C. § 1391 in order to make an argument advancing its position.

Defendant is a large corporation operating in multiple judicial districts and cannot avoid the consequences of its success.

## IT IS BLACK LETTER LAW THAT DEFERENCE IS OWED TO PLAINTIFF'S CHOICE OF FORUM

While Defendant is correct that venue is discretionary, and that it is the moving party's burden to establish that the balance of convenience and justice favor transfer, Defendant's motion simply elides over the fact that Plaintiff's choice of forum is the most heavily weighed factor in determining whether transfer is appropriate: "While a district court has 'broad discretion' under 1404, because that discretion 'must be exercised at the very outset of the case, when relatively little is known about how the case will develop, courts have typically accorded substantial weight to the [eighth] factor, plaintiff's choice of forum.' *Albert Fadem Trust v. Duke Energy Corp.,* 214 F.Supp.2d 341, 343 (S.D.N.Y.2002). The burden rests on the moving party to make a 'clear and convincing' showing that transfer under Section 1404(a) is proper." *Atlantic Recording Corp. v. Project Playlist, Inc.,* 603 F.Supp.2d 690, 695 (S.D.N.Y. 2009) (then D.J. Chin).

Indeed, as Defendant's own authority establishes: "[D]eference is to be given to plaintiff's choice of forum and transfer should be ordered only if the balance of conveniences weighs strongly in favor of the change of forum." *Kroll v. Lieberman*, 244 F.Supp.2d 100, 102-3 (E.D.N.Y. 2003)*; See Gross v. BBC,* 386 F.3d 224, 230 (2d Cir. 2004 ("a plaintiff's choice of forum is presumptively entitled to substantial deference"). It is respectfully requested that the Court honor Plaintiff's choice of forum pursuant to Second Circuit precedent.

## THE NEGLIGIBLE DISTANCE BETWEEN COURTHOUSES MILITATES AGAINST TRANSFER

The Manhattan Southern District Courthouse and the Brooklyn Eastern District Courthouse are less than two miles apart. Both are steps away from multiple subway stops and other public transportation. Courts in the Southern District have made clear that transfer of venue is inappropriate when the urged alternative forum is a short distance away from the chosen forum, and that in such circumstances the deference owed to plaintiff's choice of forum predominates all other factors. *See Zangiacomi v, Saunders*, 714 F.Supp. 658, 661 (S.D.N.Y. 1989) (denying transfer of venue for witness inconvenience where witnesses reside in a neighboring state and the alternative district Courthouse was a short distance away; 75 miles to the Eastern District of Pennsylvania); *Habrout v. City of New York*, 143 F.Supp.2d 399, 400 (S.D.N.Y. 2001) (denying transfer from SDNY to EDNY because the SDNY courthouse "lies just across the East River and just over the Brooklyn Bridge from the Eastern District", and Plaintiff's choice of forum is entitled to deference even where the chosen forum is neither where the Plaintiff resides nor where the events giving rise to the action occurred); *Wellington Computer Graphics, Inc. v. Modell,* 315 F.Supp. 24, 28 (S.D.N.Y. 1970) (finding defendants' contention that the twelve mile distance between New York City and Newark, New Jersey so substantially inconveniences them that the plaintiff should be deprived of his choice of forum to be "frivolous"); *Moyglare Stud Farm, Ltd. v. Due Process Stable, Inc.*, 562 F.Supp. 289, 292 (S.D.N.Y. 1983) ("A request to transfer strikes an extremely hollow note in this case since the proposed transferee courthouse in Newark is located less than 20 miles from this courthouse." Likewise, the Central Islip Eastern District Courthouse is less than fifty miles from the Manhattan Southern District Courthouse.

## NUMEROUS WITNESSES AND DOCUMENTS ARE LOCATED AT PLAINTIFF'S UNION IN MANHATTAN

Nowhere in its underlying motion does Defendant acknowledge that Plaintiff's employment was not directly with Defendant, but rather through her union, SEIU 1199, located in the Southern District at 310 West 43rd Street, New York, NY 10036. Numerous documents that go to the core of this matter – and which Plaintiff will introduce to substantiate her claims – are located at Plaintiff's union headquarters in Manhattan: emails and other documents wherein Plaintiff complained to her union that she was being harassed and retaliated against for taking protected FMLA/disability leave; emails and other documents concerning Plaintiff's taking of leave itself; documents relating to Plaintiff's request for a transfer to a different unit to get away from her harassing supervisor (*See* Complaint ¶ 14); documents related to Plaintiff's disputes with her supervisor; and documents related to Plaintiff grieving her termination (Plaintiff submitted her grievance paperwork to her union in Manhattan and received all documents concerning her grievance from her union's Manhattan location). Affidavit of Plaintiff Nola Smith ¶ 5-8, annexed hereto as Exhibit A.

Numerous witnesses are located in the Southern District, in Manhattan. Plaintiff's union representative "Martine", who was involved in Plaintiff's request for transfer to a different unit and has knowledge of Defendant's harassment of Plaintiff for taking leave is located in Manhattan. *See* Complaint ¶ 14. Plaintiff's calls and emails to Martine were to Martine's Manhattan office. Likewise, Plaintiff's union delegate Benson Mathew is located in Manhattan, where Plaintiff communicated with Mr. Mathew concerning her

5

supervisor's harassment for her taking of leave, among other issues[1]. *See* Complaint ¶ 14; Ex. A, ¶ 9.

Furthermore, Plaintiff will call at least two additional witnesses from Manhattan to corroborate her claims as to liability and damages. Plaintiff intends to call as a witness Alicia Black. Ms. Black resides in Manhattan and would testify as to Plaintiff's contemporaneous communication of the facts underlying this matter and the damages Plaintiff has suffered from Defendant's conduct. Plaintiff also intends to call her boyfriend, Dennis Vixon, who works in Manhattan. There are other potential witnesses in Manhattan, but Plaintiff should not be required to disclose her litigation strategy before the parties have even attended a preliminary conference simply to avoid transfer.

As a legal matter, the situ of Plaintiff's employment is the Southern District. Plaintiff's contract is with the union, rather than with the Defendant. Her union in turn has a contract with the Defendant: the Collective Bargaining Agreement. Plaintiff's employment with Defendant was solely through her union, which is in the Southern District. Ergo, litigation related to Plaintiff's employment is properly litigated in the Southern District. Furthermore, pending what is uncovered in discovery, Plaintiff may implead her union as a Defendant on a failure to represent claim.

---

[1] Without stating the basis for its belief, Defendant claims Mr. Mathew resides in Nassau County. Even if this was true, it would be irrelevant; Mr. Mathew would be called in his capacity as an agent of 1199, not in his personal capacity, and his personal residence is therefore irrelevant to his situ for the purposes of his testimony in this matter. Mr. Mathew would undoubtedly be traveling from 1199's Manhattan offices or the offices of its counsel in Manhattan to any deposition or trial in this matter, rather than directly from his personal residence.

## TRANSFER OF VENUE WOULD MERELY SHIFT INCONVENIENCE FROM ONE PARTY TO THE OTHER

"'[W]here transfer would merely shift the inconvenience from one party to the other,' the Court should leave Plaintiff's choice of venue undisturbed.". *Easyweb Innovations, LLC v. Facebook, Inc.*, 888 F.Supp.2d 342, 352 (E.D.N.Y. 2012) (citation omitted). Such is the case here: Defendant seeks to shift the inconvenience of the witnesses it will call in its defense to the witnesses Plaintiff will call to support her allegations. For a variety of reasons, it is more convenient to the Plaintiff to try this case in the Southern District. Ex. A, ¶ 2-4

Furthermore, counsel for both parties are located in the Southern District. Plaintiff chose to retain Southern District counsel, with commensurate higher rates than firms in the Eastern District, and Plaintiff and Defendant's choice of counsel should be respected. Otherwise, Plaintiff will be prejudiced by paying her counsel higher Southern District rates while any prevailing party attorney's fees would be assessed according to the lower Eastern District rates, leaving Plaintiff to pay for the difference if she prevails in this matter.

Finally, to the extent your Honor grants Defendant's motion, transfer should be to the Brooklyn Courthouse rather than to the Central Islip Courthouse given its greater proximity to the physical location where Plaintiff worked (Queens).

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court deny Defendant's motion in its entirety.

Dated: June 30, 2015                               Josh Bernstein, P.C.
                                                   *Counsel for Plaintiff*

                                            By: _____
                                                   Joshua Alexander Bernstein

                                                   175 Varick Street
                                                   New York, NY 10014
                                                   (646) 308-1515
                                                   jbernstein@jbernsteinpc.com